**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 29 2014

JAMES W. McCORMACK, CLERK
By:_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASON TORRES, Individually and on
Behalf of All Others Similarly Situated            **PLAINTIFF**

vs.                    Case No. 4:14-cv-*515-JM*

LINDSEY MANAGEMENT COMPANY, INC.            **DEFENDANT**

This case assigned to District Judge _Moody_
and to Magistrate Judge _Deere_

## ORIGINAL COMPLAINT—CLASS ACTION

COMES NOW Plaintiff Jason Torres, individually and on behalf of all others similarly situated, by and through his attorneys Steve Rauls, Vanessa Kinney and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Class Action against Defendant Lindsey Management Co., Inc. ("Defendant"), does hereby state and allege as follows:

I.

### JURISDICTION AND VENUE

1.      Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others

similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

4.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendant conducts business within and without the State of Arkansas, operating and managing residential apartment complexes throughout the State and the southeastern United States.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.      Plaintiff Jason Torres ("Torres" or "Plaintiff") was employed by Defendant at one of its several facilities located in the Western Division of the Eastern District of Arkansas.

8.      The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

II.

## THE PARTIES

9.     Torres is a citizen of the United States and a resident and domiciliary of the State of Arkansas.  At all times relevant to the allegations in this Complaint, Torres was an hourly-paid employee at Defendant's residential apartment complex in Bryant, Arkansas.

10.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

11.     At all times material herein, Plaintiff and those similarly situated have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

12.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13.     Defendant is an Arkansas corporation headquartered in Fayetteville with locations throughout the southeastern United States that operates apartment complexes throughout the United States, including in this judicial district.

14.     Defendant employs more than one hundred (100) hourly-paid employees at its various locations.

15.     Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

16.     Defendant's annual gross volume of sales is not less than $500,000.00.

17.     Defendant is a domestic corporation whose registered agent for service of process for the state of Arkansas is Scott Rogerson, 1200 East Joyce Boulevard, Sixth Floor, Fayetteville, Arkansas 72703.

## III.

## FACTUAL ALLEGATIONS

18.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19.     Defendant's apartment complexes operate twenty-four (24) hours per day, seven (7) days per week.

20.     Throughout the period relevant to this lawsuit, Torres worked at The Greens at Hurricane Creek, an apartment complex operated by Defendant, as a Maintenance Technician.

21.     Defendant schedules maintenance and repair employees, including Plaintiff, to work set, or defined, shifts, for which they are paid by the hour.

22.     Defendant also requires Plaintiff and others similarly situated to be "on-call" when they are not on the clock, for the purpose of performing immediate repairs and maintenance on the residential units.

23.     Plaintiff does not seek compensation for time spent simply "on call," but instead for actual "call-out" time when Plaintiff was called upon to perform his job duties after regular hours.

24.     Plaintiff was scheduled to be on call at least two nights per week. However, Plaintiff was regularly called to work even at times when he was not on

call, to deal with emergencies or with projects that required more than one maintenance technician.

25.    In addition to unscheduled "call-out" work, Plaintiff was required to perform some of his regular duties, such as pool maintenance and storing golf carts, outside his normal working hours.

26.    In all, Plaintiff spent an average of five to seven hours per week performing work outside his normal working hours.

27.    Defendant recorded Plaintiff's regular working time using an electronic time clock.

28.    Defendant's time clock was located in a building that was unlocked during business hours only. Defendant instructed Plaintiff not to clock in when he performed work after business hours.

29.    Defendant was aware of Plaintiff's off-the-clock work, which is the work performed after hours, but failed to pay Plaintiff for that work.

30.    Defendant worked Maintenance Technicians at most or all of its facilities in a similar manner with respect to after hours work.

31.    As a result of Defendant's policy requiring hourly workers to perform maintenance and repair work after hours, Plaintiff and those similarly situated performed uncompensated labor.

32.    During the period relevant to this lawsuit, it was Defendant's policy to pay hourly employees, including Plaintiff, for only time that was recorded by the time clock.

## IV.

## REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

33.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34.    Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated hourly employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

a.    Minimum wages for the first forty (40) hours worked each week;

b.    Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

c.    Liquidated damages; and

d.    the costs of this action, including attorney's fees.

35.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

36.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

37.    The proposed class of opt-in plaintiffs in this case is defined as all persons who meet the following requirements:

a. Were, are, or will be (hereinafter "were") employed by Defendant within the United States as hourly-paid Maintenance Technicians, Lead Maintenance Technicians, or equivalent positions; and

b. Were required to perform work outside of their scheduled working hours.

38. The proposed FLSA class members are similarly situated in that they share these traits:

a. They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

b. They performed the same or similar job duties;

c. They were subject to Defendant's common policy requiring hourly maintenance workers to perform work "on call" or otherwise outside their scheduled working hours; and

d. They were subject to Defendant's common policy of paying hourly workers for their working hours recorded by Defendant's time clock rather than their hours actually worked.

39. Plaintiff is unable to state the exact number of the class but believes that the class exceeds one hundred (100) persons.

40. Defendant can readily identify the members of the Section 16(b) class, which encompasses all hourly-paid maintenance workers at properties operated by Defendant within the United States.

41. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved

Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.    AMWA Rule 23 Class

42.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

43.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.    Plaintiff proposes to represent a class of individuals defined as all persons who:

   a.    Were employed by Defendant within Arkansas as hourly-paid Maintenance Technicians, Lead Maintenance Technicians, or equivalent positions; and

   b.    Were required to perform work outside of their scheduled working hours.

45.    The proposed class encompasses all hourly-paid maintenance workers at properties managed by Defendant within Arkansas.

46.    Defendant manages more than eighty (80) properties within Arkansas, and employs between zero and three maintenance workers at each property.

47.     Upon information and belief, there are between fifty (50) and one hundred and fifty (150) persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

48.     Common questions of law and fact relate to all of the proposed class members, such as these:

a.      Whether Defendant had an unlawful policy requiring members of the proposed class to work without compensation before and after their scheduled shifts;

b.      Whether Defendant maintained accurate records of hours worked by members of the proposed class as required by the AMWA; and

c.      Whether Defendant paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

49.     The above common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

50.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious

and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

51. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

52. No difficulties are likely to be encountered in the management of this class action.

53. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff and all others in the proposed class will claim that they were not paid for all hours worked in violation of the AMWA.

54. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

55. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

56. Plaintiff has consented in writing to the association of additional counsel.

## V.

## FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

57.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59.    At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

60.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62.    Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

63.    Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of

one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

64.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

65.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.

## SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

66.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

67.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

68.     At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

69.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

70.    Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA.

71.    Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

72.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.

## THIRD CAUSE OF ACTION

### (Individual Claim for Punitive Damages)

73.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

74.    Arkansas Code Annotated § 16-55-206 states that a plaintiff may be awarded punitive damages if the plaintiff shows that the "defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences."

75.    Defendant knew or should have known of its obligations under the

AMWA to pay non-exempt employees one and one-half times their regular rate for all hours worked over forty per week.

76.    Defendant knew or should have known that its failure to compensate Plaintiff and members of the proposed class for all hours worked would naturally result in damage to Plaintiff in the form of unpaid wages, yet continued its course of conduct with reckless disregard for the consequences to Plaintiff.

77.    Defendant is liable to Plaintiff for punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendant's knowing and unlawful failure to pay overtime wages.

## VIII.

## FOURTH CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

78.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

79.    Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80.    At all relevant times, Lindsey Management Co., Inc., has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

81.    Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

82.    Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

83.    Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

84.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

**IX.**

**FIFTH CAUSE OF ACTION**

**(Class Action Claim for Violation of the AMWA)**

85.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

86.    Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

87.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

88.     Defendant classified Plaintiffs and the members of the proposed class as non-exempt from the overtime requirements of the AMWA.

89.     Despite the entitlement of Plaintiff and the members of the proposed class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

90.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X.

## SIXTH CAUSE OF ACTION

### (Class Action Claim for Punitive Damages)

91.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

92.     Arkansas Code Annotated § 16-55-206 states that a plaintiff may be awarded punitive damages if the plaintiff shows that the "defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences."

93.     Defendant knew or should have known of its obligations under the

AMWA to pay non-exempt employees one and one-half times their regular rate for all hours worked over forty per week.

94.   Defendant knew or should have known that its failure to compensate Plaintiff and members of the proposed class for all hours worked would naturally result in damage to Plaintiff and members of the proposed class in the form of unpaid wages, yet continued its course of conduct with reckless disregard for the consequences to Plaintiff and members of the proposed class.

95.   Defendant is liable to Plaintiff and members of the proposed class for punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendant's knowing and unlawful failure to pay overtime wages.

## XI.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jason Torres, individually on behalf of himself and all others similarly situated and the members of the proposed Section 216 and Rule 23 classes, respectfully prays as follows:

A.   That Defendant Lindsey Management Co., Inc., be summoned to appear and answer this Complaint;

B.   For orders regarding certification of and notice to the proposed collective and class members;

C.   For an order of this Honorable Court entering judgment in his favor against Defendant for his actual economic damages in an amount to be determined at trial;

D.    For liquidated damages as provided for under the FLSA and the

AMWA;

E.    For punitive damages in an amount to be determined at trial;

F.    For his attorneys' fees, costs, and pre-judgment interest; and

G.    For such other and further relief as this Court deems necessary,

just and proper.

Respectfully submitted,

**JASON TORRES, Individually and on
Behalf of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:   _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and   _____
Vanessa Kinney
Ark. Bar No. 2008030
vanessa@sanfordlawfirm.com

and   _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JASON TORRES, Individually<br>and on Behalf of Others Similarly Situated | PLAINTIFF |
| vs.                          No. _____ | |
| LINDSEY MANAGEMENT COMPANY, INC. | DEFENDANT |

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed by Lindsey Management Company, Inc., during the three years prior to the filing of this lawsuit. I understand that a lawsuit is being brought against my former employer under the Fair Labor Standards Act (FLSA) for minimum wages, overtime compensation, and other relief. As a former employee of Lindsey Management Company, Inc., I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

August _19_, 2014

Jason Torres
c/o SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040